Jeffrey L. Schulman (JS-5739)
**LOWENSTEIN SANDLER** PC
Attorneys At Law
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
212.204.8688
Attorneys for Plaintiff,
Conopco, Inc.

**JUDGE KARAS**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONOPCO, INC. (as successor-in-interest to Lever Brothers Company), <br><br> Plaintiff, <br><br> -v- <br><br> TRAVELERS CASUALTY & SURETY COMPANY (as successor-in-interest to Aetna Casualty & Surety Company) and TRAVELERS INDEMNITY COMPANY, <br><br> Defendants. | Civil Action No.: 07 CIV 6085 <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Conopco, Inc. ("Conopco"), as successor-in-interest to Lever Brothers Company ("Lever Brothers"), as and for its Complaint against Travelers Casualty & Surety Company as successor-in-interest to Aetna Casualty & Surety Company ("Aetna"), and Travelers Indemnity Company (collectively "Travelers" or "Defendants"), respectfully alleges and says as follows:

## PARTIES

1. Conopco is a New York corporation with its principal office or place of business in Englewood Cliffs, New Jersey.

2. Upon information and belief, Defendant Travelers Casualty & Surety Company is a member of the Travelers Group and is a Connecticut corporation with its principal

C1102/15
06/27/2007 2181556.02

place of business in Hartford, Connecticut. At all relevant times, Defendant was in the business of selling insurance. Travelers Casualty & Surety Company is the successor-in-interest to Aetna.

3. Upon information and belief, Defendant Travelers Indemnity Company is a member of the Travelers Group and is a Connecticut corporation with its principal place of business in Hartford, Connecticut. At all relevant times, Defendant was in the business of selling insurance.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) in that this is the judicial district where the insurance policy was issued.

## STATEMENT OF FACTS

6. Plaintiff, Conopco, is the successor-in-interest to Lever Brothers with regard to various primary comprehensive general liability ("CGL") insurance policies (the "Insurance Policies") sold by Defendants to Lever Brothers. A listing of the Insurance Policies at issue is appended hereto as Schedule "A."

7. From 1953 to 1971, Lever Brothers purchased primary CGL insurance policies from Aetna. Travelers Casualty & Surety Company is successor-in-interest to Aetna.

8. From 1978 to 1986, Lever Brothers purchased insurance policies from Travelers Indemnity Company.

9. Pursuant to the Insurance Policies, Defendants agreed to defend and indemnify Lever Brothers from claims of bodily or personal injury.

10. Conopco, as successor-in-interest to Lever Brothers by merger in 1989, has been named a defendant in numerous lawsuits (the "Underlying Actions") in which plaintiffs seek damages for bodily injury allegedly caused by asbestos contained in buildings owned or

leased by Lever Brothers in which plaintiffs were present, during the periods of all or some of Defendants' policies. Conopco has expended monies to defend and settle the Underlying Actions.

11. Conopco, as successor-in-interest to Lever Brothers, has fulfilled all of its obligations under the Insurance Policies and is entitled to receive the full benefit of the insurance coverage it purchased under those Insurance Policies.

12. Defendants have not denied their duty to defend Conopco in the Underlying Actions, but fail and refuse to do so.

13. An actual case or controversy exists between Conopco and Defendants with respect to insurance coverage for the Underlying Actions.

## FIRST COUNT
### Declaratory Judgment
### (Number of Occurrences and Aggregates)

14. Plaintiff has received hundreds of claims from individuals alleging that they have incurred bodily injury as a result of exposure to asbestos while at facilities owned or operated by plaintiff.

15. Thus these claims do not involve exposure to the products of plaintiff, but rather exposure at plaintiff's premises.

16. The insurance policies in issue herein do not provide an aggregate limit for bodily injury claims arising from premises exposure.

17. In *Appalachian vs. GE*, also involving asbestos bodily injury claims, the Court of Appeals of New York held that each separate claim of asbestos injury by an individual constitutes a separate 'occurrence' as that term is used in general liability insurance policies.

18. Travelers has failed and refused to acknowledge that *Appalachian vs. GE* is controlling law in the case at bar.

19. Thus, plaintiff seeks a declaration that each individual asbestos claim constitutes a separate occurrence, and that these occurrences are not subject to an aggregate limit.

## SECOND COUNT
### Declaratory Judgment
### (Duty to Defend)

20. Conopco repeats and realleges the allegations of Paragraphs 1 through 11 as if they were set forth at length herein.

21. Pursuant to the terms of the Insurance Policies, Defendants have a duty to defend Conopco against any suit alleging an "occurrence", i.e., "bodily injury" or "personal injury" as defined in the Insurance Policies that was unintended and unexpected by plaintiff taking place at least in part during Defendants' policy period.

22. In the Underlying Actions, the plaintiffs have alleged such "bodily injury" or "personal injury" as defined in the Insurance Policies. Therefore, pursuant to the terms of the Insurance Policies, Defendants are obligated to defend Conopco in connection with the Underlying Actions.

23. The failure of Defendants to fulfill their duty to defend under the Insurance Policies has resulted in substantial expense and cost to Conopco, including significant attorneys fees.

24. By reason of the foregoing, an actual and justiciable controversy exists between Conopco and Defendants regarding Defendants' obligation to defend Conopco in connection with the Underlying Actions.

25. A judicial declaration regarding the respective rights of the parties under the Insurance Policies is necessary and proper at this time.

## THIRD COUNT
### Declaratory Judgment
### (Duty to Indemnify)

26. Conopco repeats and realleges the allegations of Paragraphs 1 through 17 as if they were set forth at length herein.

27. Pursuant to the terms of the Insurance Policies, Defendants are obligated to indemnify Conopco for all sums it becomes "legally obligated to pay as damages" as a result of "bodily injury" and/or "personal injury" in connection with the Underlying Actions.

28. Defendants have failed and refused to indemnify Conopco in connection with the Underlying Actions.

29. Defendants' failure to acknowledge their duty to indemnify under the Insurance Policies has resulted in substantial expense and cost to Conopco.

30. By reason of the foregoing, an actual and justiciable controversy exists between Conopco and Defendants regarding Defendants' obligation to indemnify Conopco in connection with the Underlying Actions.

31. A judicial declaration regarding the respective rights of the parties under the Insurance Policies is necessary and proper at this time.

## FOURTH COUNT
### Breach of Contract
### (Duty to Defend)

32. Conopco repeats and realleges the allegations of Paragraphs 1 through 23 as if they were set forth at length herein.

33. Pursuant to the terms of the Insurance Policies, Defendants have a contractual duty to defend Conopco against any suit alleging "bodily injury" and/or "personal injury" as defined in the Insurance Policies.

34. In the Underlying Actions, the plaintiffs have alleged "bodily injury" and/or "personal injury" as defined in the Insurance Policies. Therefore, pursuant to the terms of the Insurance Policies, Defendants are obligated to defend Conopco in connection with the Underlying Actions.

35. Defendants have refused to defend Conopco in connection with the Underlying Actions.

36. Defendants have breached its contractual duty to defend and reimburse under the Insurance Policies, and as a result Conopco has incurred substantial expense and cost.

## FIFTH COUNT
### Breach of Contract
### (Duty to Indemnify)

37. Conopco repeats and realleges the allegations of Paragraphs 1 through 28 as if they were set forth at length herein.

38. Defendants are contractually obligated to indemnify Conopco for all sums it becomes "legally obligated to pay as damages" as a result of "bodily injury" and/or "personal injury" in connection with the Underlying Actions.

39. Defendants have failed and refused to indemnify Conopco in connection with the Underlying Actions.

40. Defendants' failure to fulfill their contractual obligations to Conopco by refusing to indemnify under the Insurance Policies is a breach of Defendants' contract with Conopco that has resulted in substantial expense and cost to Conopco.

**WHEREFORE**, with respect to all Counts set forth in this Complaint, Conopco respectfully demands judgment against Defendants as follows:

1. A declaration that each asbestos claim against Conopco is a separate occurrence, and that Defendants' policies do not have aggregate limits for premises claims.

2. As to the Second Count, for Declaratory Judgment on the Duty to Defend: a declaration that the Insurance Policies require Defendants to defend Conopco in connection with the Underlying Actions, and Defendants must reimburse Conopco for all defense costs incurred, including attorney's fees;

3. As to the Third Count, for Declaratory Judgment on the Duty to Indemnify: a declaration that the Insurance Policies require Defendants to indemnify Conopco for all sums it is legally obligated to pay as damages in connection with the Underlying Actions, including any and all costs and attorney's fees;

4. As to the Fourth Count, for Breach of Contract on the Duty to Defend: a judgment that Defendants breached their contracts with Conopco by refusing to defend Conopco in the Underlying Actions, and must reimburse Conopco for defense costs incurred and to be

incurred, including attorneys fees, and any other consequential damages flowing from the breach of contract;

5. As to the Fifth Count, for Breach of Contract on the Duty to Indemnify: a judgment that Defendants breached their contracts with Conopco by refusing to indemnify Conopco in the Underlying Actions, and must pay all sums Conopco is and will be legally obligated to pay as damages in the Underlying Actions, including attorney's fees, and any other consequential damages flowing from the breach of contract;

6. As to All Counts set forth, it is respectfully requested that:

   (i) this Court adjudge and determine that Conopco is entitled to the costs and disbursements of this action, including, but not limited to, attorney's fees and pre- and post-judgment interest;

   (ii) that this Court grant such other and further relief as this Court may deem just, proper, and equitable.

**LOWENSTEIN SANDLER PC**
Attorneys for Plaintiff,
Conopco, Inc. (as successor-in-interest to
Lever Brothers Company)

By: _____
   Jeffrey L. Schulman (JS-5739)

Dated: June 27, 2007

## JURY DEMAND

Plaintiff, Conopco, Inc., hereby demands trial by jury as to all issues so triable.

**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
212.204.8688

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
Attorneys for Plaintiff, Conopco, Inc.

By: _____
Jeffrey L. Schulman (JS-5739)

Dated: June 27, 2007

## SCHEDULE A
### Conopco Primary Insurance Policies

| Policy Period | Insurance Company | Policy Number |
|---|---|---|
| 9/1/1953-9/1/1954 | Aetna Casualty & Surety Company | 1 AL 2215 RRY |
| 9/1/1954-9/1/1955 | Aetna Casualty & Surety Company | 1 AL 2460 RRY |
| 9/1/1955-9/1/1956 | Aetna Casualty & Surety Company | 1 AL 3080 RRY |
| 9/1/1956-9/1/1957 | Aetna Casualty & Surety Company | 1 AL 3854 RRY |
| 9/1/1957-9/1/1958 | Aetna Casualty & Surety Company | 1 AL 4469 RRY |
| 9/1/1958-9/1/1959 | Aetna Casualty & Surety Company | 1 AL 8857 RRY |
| 9/1/1959-10/1/1960 | Aetna Casualty & Surety Company | 1 AL 7914RR |
| 10/1/1960-10/1/1961 | Aetna Casualty & Surety Company | 1 AL 17695 RRY |
|  |  | 1 AL 1769 SRRY |
| 10/1/1962-10/1/1963 | Aetna Casualty & Surety Company | 1 AL 24575 SR(Y) |
| 10/1/1963-10/1/1964 | Aetna Casualty & Surety Company | 1 AL 29238 SR(Y) |
| 10/1/1964-10/1/1965 | Aetna Casualty & Surety Company | 01 AL 34459 SR(Y) |
| 12/01/77-12/01/78 | Travelers Indemnity Company | TRL NSL 151T488-2-77 |
| 12/01/78-12/01/79 | Travelers Indemnity Company | TR SLG 151T488-2-78 |
| 12/01/79-12/01/80 | Travelers Indemnity Company | TR SLG 151T488-2-79 |
| 12/01/80-12/01/81 | Travelers Indemnity Company | TR SLG 151T488-2-80 |
| 12/01/81-12/01/82 | Travelers Indemnity Company | TR SLG 151T488-2-81 |
| 12/01/82-12/01/83 | Travelers Indemnity Company | TR SLG 151T488-2-82 |
| 12/01/83-12/01/84 | Travelers Indemnity Company | TR SLG 151T488-2-83 |
| 12/01/84-12/01/85 | Travelers Indemnity Company | TR SLG 151T488-2-84 |