UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONOPCO, INC. (as successor-in-interest to Lever Brothers Company),<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY & SURETY COMPANY (as successor-in-interest to Aetna Casualty & Surety Company) and TRAVELERS INDEMNITY COMPANY,<br><br>Defendants. | Civil Action No.: 07 CIV 6085 (KMK)<br><br>Honorable Kenneth M. Karas, U.S.D.J.<br>United States District Judge<br><br>ANSWER TO COMPLAINT, SEPARATE DEFENSES AND COUNTERCLAIM<br><br>[Document Filed Electronically] |

Defendants The Travelers Indemnity Company (incorrectly sued as Travelers Indemnity Company) and Travelers Casualty and Surety Company (formerly known as The Aetna Casualty and Surety Company) (incorrectly sued as Travelers Casualty & Surety Company (as successor-in-interest to Aetna Casualty & Surety Company)) (collectively "Travelers") by way of Answer to the Complaint of plaintiff Conopco, Inc. (as successor-in-interest to Lever Brothers Company) ("Conopco"), say:

PARTIES

1. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Travelers denies the allegations in paragraph 2 except that it admits that it is a corporation organized under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut.

3. Travelers denies the allegations in paragraph 3 except that it admits that it is a corporation organized under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

4. Travelers neither admits nor denies the legal conclusions contained in paragraph 4. To the extent that a responsive pleading is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Travelers neither admits nor denies the legal conclusions contained in paragraph 5. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 5 except that it admits that it issued certain policies of insurance to the named insured identified therein at its address in the State of New York.

## STATEMENT OF FACTS

6. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Travelers denies the allegations contained in paragraph 7, except that it admits that it issued certain policies of insurance to the named insured identified therein (the "Travelers Policies") and refers to the Travelers Policies for their precise terms, conditions and exclusions.

8. Travelers denies the allegations contained in paragraph 8, except that it admits that it issued the "Travelers Policies" and refers to the Travelers Policies for their precise terms, conditions and exclusions.

9. Travelers denies the allegations contained in paragraph 9 and refers to the Travelers Policies for their precise terms, conditions and exclusions.

10. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Travelers neither admits nor denies the legal conclusions contained in paragraph 12. To the extent that a responsive pleading is required, Travelers refers to the correspondence between the parties for their precise terms.

13. Travelers neither admits nor denies the legal conclusions contained in paragraph 13. To the extent that a responsive pleading is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

FIRST COUNT
Declaratory Judgment
(Number of Occurrences and Aggregates)

14. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Travelers denies the allegations contained in paragraph 16 and refers to the Travelers Policies for their precise terms, conditions and exclusions.

17. Travelers neither admits nor denies the statements and legal conclusions contained in paragraph 17. To the extent that a responsive pleading is required, Travelers refers to the Court of Appeals' decision in *Appalachian v. GE* for its precise terms.

18. Travelers neither admits nor denies the legal conclusions contained in paragraph 18. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 18 and refers to the Court of Appeals' decision in *Appalachian v. GE* and any and all other case law for their precise terms.

19. Travelers neither admits nor denies the legal conclusions contained in paragraph 19. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 19.

SECOND COUNT
Declaratory Judgment
(Duty to Defend)

20. Travelers repeats and realleges its responses to the allegations contained in paragraphs 1 through 19 as if set forth at length herein.

21. Travelers denies the allegations contained in paragraph 21 and refers to the Travelers Policies for their precise terms, conditions and exclusions.

22. Travelers denies the allegations contained in paragraph 22 and refers to the Travelers Policies for their precise terms, conditions and exclusions and the underlying pleadings for their precise terms.

23. Travelers denies the allegations contained in paragraph 23.

24. Travelers neither admits nor denies the legal conclusions contained in paragraph 24. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 24.

25. Travelers neither admits nor denies the legal conclusions contained in paragraph 25. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 25.

### THIRD COUNT
### Declaratory Judgment
### (Duty to Indemnify)

26. Travelers repeats and realleges its responses to the allegations contained in paragraphs 1 through 25 as if set forth at length herein.

27. Travelers denies the allegations contained in paragraph 27 and refers to the Travelers Policies for their precise terms, conditions and exclusions.

28. Travelers denies the allegations contained in paragraph 28.

29. Travelers denies the allegations contained in paragraph 29.

30. Travelers neither admits nor denies the legal conclusions contained in paragraph 30. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 30.

31. Travelers neither admits nor denies the legal conclusions contained in paragraph 31. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 31.

### FOURTH COUNT
### Breach of Contract
### (Duty to Defend)

32. Travelers repeats and realleges its responses to the allegations contained in paragraphs 1 through 31 as if set forth at length herein.

33. Travelers denies the allegations contained in paragraph 33 and refers to the Travelers Policies for their precise terms, conditions and exclusions.

34. Travelers denies the allegations contained in paragraph 22 and refers to the Travelers Policies for their precise terms, conditions and exclusions and the underlying pleadings for their precise terms.

35. Travelers denies the allegations contained in paragraph 35.

36. Travelers denies the allegations contained in paragraph 36.

### FIFTH COUNT
### Breach of Contract
### (Duty to Indemnify)

37. Travelers repeats and realleges its responses to the allegations contained in paragraphs 1 through 36 as if set forth at length herein.

38. Travelers denies the allegations contained in paragraph 38 and refers to the Travelers Policies for their precise terms, conditions and exclusions.

39. Travelers denies the allegations contained in paragraph 39.

40. Travelers denies the allegations contained in paragraph 40.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted as alleged against Travelers.

### SECOND SEPARATE DEFENSE

(Statute of Limitations)

Upon information and belief, the claims asserted in the Complaint may be barred by the applicable statute of limitations.

### THIRD SEPARATE DEFENSE

(Laches and/or Waiver)

Upon information and belief, the claims asserted in the Complaint may be barred by the equitable doctrines of laches and/or waiver.

### FOURTH SEPARATE DEFENSE

(Equitable Estoppel)

Upon information and belief, the claims asserted in the Complaint may be barred by the doctrine of equitable estoppel.

### FIFTH SEPARATE DEFENSE

(Failure to Join Necessary and Indispensable Parties)

The Complaint may be subject to dismissal for failure to join necessary and indispensable parties to this action, including but not limited to parties against whom, upon information and belief, Plaintiff has already filed other actions.

### SIXTH SEPARATE DEFENSE

(Failure to Particularlize Claims)

The Complaint does not describe the claims made against Travelers with sufficient particularity to enable Travelers to determine all defenses (including defenses based upon the terms, conditions or exclusions of the Travelers Policies) it has in response to this suit. Travelers therefore reserves its right to assert any and all additional defenses that may be pertinent to the Complaint once the precise nature of each claim is ascertained through discovery and investigation.

## SEVENTH SEPARATE DEFENSE

(Failure to Disclose Material Facts)

To the extent the insured negligently or intentionally failed to disclose or misrepresented facts that were material to the risks undertaken by Travelers, and Travelers relied on such nondisclosure or misrepresentations in issuing, renewing and/or continuing in force the Travelers Policies and would not have issued, renewed or continued in force such Travelers Policies but for the acts or omissions of the insured, Plaintiff's claims asserted in the Complaint are barred and the Travelers Policies are void *ab initio*.

## EIGHTH SEPARATE DEFENSE

(Failure to Perform Condition Precedent)

To the extent the insured has failed to perform all of its obligations under the Travelers Policies, the claims asserted in the Complaint are barred, in whole or in part.

## NINTH SEPARATE DEFENSE

(Failure to Give Timely Notice)

Upon information and belief, the insured under the Travelers Policies had notice of conditions, events or damages referred to in the Complaint and failed to give timely notice to Travelers in accordance with the terms of the Travelers Policies. To the extent that the insured failed to give Travelers timely notice, these failures prejudiced Travelers and caused it irreparable harm.

TENTH SEPARATE DEFENSE

(Failure to Mitigate Damages)

To the extent that the insured failed to mitigate, minimize or avoid any damages referred to in the Complaint, any liability of the insured for such damage is not covered under the Travelers Policies.

ELEVENTH SEPARATE DEFENSE

(Policy Terms, Exclusions, Conditions and Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the terms, exclusions, conditions and limitations contained in the Travelers Policies.

TWELFTH SEPARATE DEFENSE

(Events Do Not Constitute an "Occurrence" or "Accident")

Upon information and belief, the claims asserted in the Complaint are barred, in whole or in part, because the events giving rise to the damage alleged herein do not constitute an "occurrence" or "accident" within the meaning of the Travelers Policies.

THIRTEENTH SEPARATE DEFENSE

(No Bodily Injury or Property Damage)

Upon information and belief, the claims asserted in the Complaint are barred, in whole or in part, because the damages asserted in the Complaint do not constitute bodily injury or property damage within the meaning of the Travelers Policies.

FOURTEENTH SEPARATE DEFENSE

(Damage Not Within the Policy Period)

The Travelers Policies provide coverage only for damage or injury that occurs during each of the Travelers Policies' respective policy period. The claims asserted in the

Complaint are barred, in whole or in part, to the extent that any of the damage or injury referred to in the Complaint occurred prior to the commencement or after the expiration of the period during which a Travelers Policy was in effect.

### FIFTEENTH SEPARATE DEFENSE

(Loss Not Sustained by Insured)

The Travelers Policies provide coverage only for liabilities arising out of acts or omissions of the insured or of the insured as defined in the Travelers Policies. To the extent the Complaint asserts claims for recovery for losses sustained by or attributable to individuals or organizations that do not qualify as an insured under the terms of the Travelers Policies, those claims are barred.

### SIXTEENTH SEPARATE DEFENSE

(Known Loss/Loss in Progress)

The Travelers Policies do not provide coverage for any loss that was in progress or that was known to the insured at the time the Travelers Policies were issued. To the extent that any of the claims in the Complaint seek damages for a loss in progress or known to the insured at the time of the issuance of the Travelers Policies, such claims are barred, in whole or in part.

### SEVENTEENTH SEPARATE DEFENSE

(Limits of Liability)

Any duty to Travelers to reimburse or indemnify the insured under the Travelers Policies with respect to any of the claims or actions referred to in the Complaint is subject to the applicable deductibles, retentions, retrospective premiums and the limits of liability contained in those Travelers Policies.

### EIGHTEENTH SEPARATE DEFENSE

(Other Insurance)

The Travelers Policies exclude or reduce coverage to the extent that any other valid and collectible insurance, whether on a primary, excess or contingent basis or otherwise, is available. The amount of coverage, if any, provided in the Travelers Policies, is reduced in whole or in part, to the extent other valid insurance is available to the Plaintiff.

### NINETEENTH SEPARATE DEFENSE

(Loss or Damage as Defined in the Policies)

The Plaintiff's claims are barred, in whole or in part, to the extent that the underlying matters referred to in the Complaint do not arise from loss or damage as those terms are used or defined in the Travelers Policies.

### TWENTIETH SEPARATE DEFENSE

(Failure to Prevent Injury or Damage)

The Plaintiff's claims are barred, in whole or in part, to the extent that the insured failed to take, at its own expense, all reasonable steps to prevent bodily injury and/or property damage arising out of the same or similar conditions.

### TWENTY-FIRST SEPARATE DEFENSE

(Loss Assumed by Contract or Agreement)

The Plaintiff's claims are barred, in whole or in part, to the extent that some or all of the alleged liabilities for which it asserts coverage under the Travelers Policies have been assumed pursuant to contract or agreement.

### TWENTY-SECOND SEPARATE DEFENSE

(Bodily Injury to Insured's Employee)

The Plaintiff's claims are barred, in whole or in part, to the extent that some or all of Plaintiff's alleged liabilities arise from bodily injury to any employee of the insured arising out of and in the course of employment or to any obligation of the insured to indemnify another because of damages arising out of such injury.

### TWENTY-THIRD SEPARATE DEFENSE

(Limitation on Liability)

Travelers Policies provide that, for the purpose of determining the limit of Travelers liability, if any, all bodily injury and property damage arising out of continuous and repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence. Accordingly, Travelers obligations under the Travelers Policies, if any, are limited to that extent.

### TWENTY-FOURTH SEPARATE DEFENSE

(Voluntary Payments)

To the extent that Plaintiff has voluntarily paid or assumed the obligation to pay, or have incurred any obligations, costs or expenses in connection with the underlying claims without Travelers consent or approval, the Travelers Policies do not provide coverage for such obligations, costs or expenses.

### TWENTY-FIFTH SEPARATE DEFENSE

(Costs, Expenses and Attorneys' Fees)

Plaintiff is not entitled to recover from Travelers its costs, expenses and attorneys' fees in this action.

## COUNTERCLAIM

1.  Travelers seeks a judicial determination that it is entitled to retrospective premiums from Plaintiff in connection with the claims at issue.

2.  To the extent that Travelers is found to have an obligation to defend or indemnify Plaintiff in connection with the claims at issue under certain of the Travelers Policies, Travelers is entitled to the payment of retrospective premiums by Plaintiff.

3.  Upon information and belief, Plaintiff disputes the nature and extent of its obligations for the retrospective premiums.

4.  Accordingly, Travelers is entitled to a declaration that Plaintiff is responsible for the retrospective premiums to the extent that it is determined that Travelers is obligated to defend and/or indemnify Plaintiff in connection with the claims at issue under the Travelers Policies.

WHEREFORE, Travelers respectfully requests that judgment be entered:

(a)  dismissing the Complaint, with prejudice;

(b)  declaring that Travelers has no obligation with respect to any of the claims at issue under any of the alleged Travelers Policies, as referred to in the Complaint;

(c)  declaring that, to the extent Travelers has any defense or indemnity obligation under the Travelers Policies for the claims at issue, then Plaintiff is responsible for retrospective premiums incurred in connection with those claims;

(d)  awarding costs of suit, including such reasonable attorneys' fees as may be allowed by law; and

(e) granting such other relief as the Court deems just and proper.

By: <u>s/ Robert W. Mauriello, Jr.</u>
Stephen V. Gimigliano
Robert W. Mauriello, Jr.
GRAHAM CURTIN, P.A.
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Defendants
The Travelers Indemnity Company and
Travelers Casualty and Surety Company

Dated: October 25, 2007